PEOPLE *v.* JAGOSZ.

1. CRIMINAL LAW—NEW TRIAL—WEIGHT OF EVIDENCE.

In absence of motion for new trial, Supreme Court may not pass upon question of whether verdict is against great weight of evidence.

2. SAME—LEADING QUESTIONS.

Suggestive and leading questions by prosecuting attorney, in prosecution for rape, where not objected to, disclose no error.

3. RAPE—INSTRUCTIONS—DEFINING ATTEMPT TO RAPE.

Where, in prosecution for rape, trial judge fully defined essentials of rape consummated, it was not necessary to repeat elements of rape attempted.

4. SAME—DEFINING ASSAULT AND BATTERY.

In prosecution for rape, apt illustration of assault and battery by trial judge instead of definition thereof, was sufficient; if further instruction was desired, counsel should have made request therefor.

5. SAME—TRIAL—INSTRUCTION AS TO LESSER OFFENSES.

Instruction in prosecution for rape which left it open to jury to acquit or find defendants guilty of rape or one of lesser offenses is not open to criticism that it led jury to believe that only one verdict, that of guilty, could be rendered.

6. SAME—CRUEL AND UNUSUAL PUNISHMENT.

In view of fact that statute (3 Comp. Laws 1929, § 16727) provides imprisonment for life or any such period as court in its discretion shall direct for crime of rape, sentence of imprisonment from 12 to 30 years does not constitute cruel and unusual punishment.

7. CRIMINAL LAW—DELAY IN IMPOSING SENTENCE.

Delay of 63 days after conviction of rape in imposing sentence does not constitute error, in absence of showing of cause therefor.

Error to Macomb; Reid (Neil E.), J. Submitted January 15, 1931. (Docket No. 146, Calendar No. 34,999.) Decided February 27, 1931.

Joseph Jagosz and Joseph Lesniak were convicted of rape. Affirmed.

*Gronkowski & Gryczka,* for appellants.

*Paul W. Voorhies,* Attorney General, *Emerson R. Boyles,* Deputy Attorney General, *Earle M. French,* Prosecuting Attorney, and *Donald C. Trombley,* Assistant Prosecuting Attorney, for the people.

WIEST, J. Defendants were convicted of the crime of rape. Errors assigned present no reversible error.

No objections to testimony were made at the trial, no requests to charge presented, and no motion for a new trial made. In the absence of a motion for a new trial we may not pass upon the question of whether a verdict was against the great weight of evidence. In case a new trial is moved on such ground and denied, we review the decision of the circuit judge and look into the evidence, otherwise not. *People* v. *Sekelyn,* 217 Mich. 341; *People* v. *Reed,* 225 Mich. 305. Suggestive and leading questions by the prosecuting attorney to the complaining witness were not objected to and disclose no error.

The trial judge laid the issues of fact before the jury, defined the essentials of the crime of rape, assault with intent to commit rape, and assault and battery. The court did not give technical definitions of the lesser offenses. Having fully defined the elements of rape consummated, it was not necessary to repeat the elements of rape attempted. Instead

of defining assault and battery the court gave an apt illustration. If more was desired counsel should have made request.

Counsel now appearing in behalf of defendants had no part in the trial. Change of counsel, however, works no change in law or procedure.

The court, after defining the issues relative to rape and the lesser offenses, stated to the jury:

"If you fail to find the defendants guilty it would be your duty to return a verdict of not guilty; if you find beyond a reasonable doubt that the defendants are guilty there is no consideration that will excuse you from rendering a verdict of guilty. You have no right to consider sympathy; you have no right to consider possible penalty; you have no right to consider any or either of these things, excepting to impress upon your minds the gravity and seriousness of the matter and the necessity upon your part of exercising good judgment in the matter; but if convinced beyond a reasonable doubt of the guilt of the accused, you have only one verdict to render, and that is a verdict of guilty."

The instruction left it to the jury to acquit or find defendants guilty of rape or one of the lesser offenses and is not open to the criticism that it led the jury to believe that one verdict, and only one verdict, and that a verdict of guilty, could be rendered. There was no error in the instruction.

It is claimed that the sentences to imprisonment from 12 to 30 years constitute cruel and unusual punishment. There is no merit in this. The statute (3 Comp. Laws 1915, § 15211 [3 Comp. Laws 1929, § 16727]) provides imprisonment for life or any such period as the court in its discretion shall direct.

Sixty-three days after the convictions the court imposed sentences. Cause for the delay does not appear. There was no error in the delay.

Affirmed.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.