PEOPLE *v.* CHADWICK.

CRIMINAL LAW—ASSAULT—EVIDENCE—INSTRUCTIONS.

In prosecution for assault of another without any weapon with intent to inflict serious and aggravated injuries but without intending to commit the crime of murder and without intending to inflict great bodily harm less than the crime of murder, verdict of guilty was not against the great weight of the evidence and instructions, when considered in their entirety, reasonably informed jury of issues presented and law applicable, and no reversible error was committed in refusing to admit evidence, or in conducting the trial (Act No. 328, § 81a, Pub. Acts 1931, as added by Act No. 237, Pub. Acts 1939).

Appeal from Tuscola; Cramton (Louis C.), J. Submitted April 29, 1942. (Docket No. 80, Calendar No. 41,750.) Decided May 18, 1942.

Clarence Chadwick was convicted of assault and infliction of serious injury. Affirmed.

*M. D. Orr,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Timothy C. Quinn,* Prosecuting Attorney, for the people.

STARR, J. On February 21, 1941, defendant was arraigned in circuit court on an information which stated, in part:

"That Clarence Chadwick late of the town of Novesta in the county of Tuscola and State of Michigan heretofore, to-wit: on January 25, 1941, at the township of Novesta in the county of Tuscola aforesaid, did then and there with force and arms in and

upon one Orville Wilson feloniously did make an assault with his fists and him, the said Orville Wilson, did then and there beat, wound, bruise and ill treat with intent then and there him, the said Orville Wilson, to do great bodily harm less than the crime of murder.  *   *   *

"(Count 2)   *   *   *   that at the time and place aforesaid, the said Clarence Chadwick did assault Orville Wilson without any weapon and did inflict serious and aggravated injuries upon the person of the said Orville Wilson without intending to commit the crime of murder and without intending to inflict great bodily harm less than the crime of murder." *

Defendant pleaded not guilty to both counts of the information. He was tried before a jury. Defendant's motions for directed verdict of not guilty were denied. The jury returned verdict of guilty as charged in the *second count* of the information. Defendant was sentenced to pay a fine of $500 and costs or serve 10 months in the county jail. His motion for new trial was denied.

Defendant appeals, contending that the verdict was contrary to the great weight of the evidence; that the trial court erred in denying his motions for directed verdict of not guilty and motion for new trial, and in refusing to admit material testimony; that the trial court erred in his instructions to the jury; and that the court's manner of conducting the trial was prejudicial to defendant. ·

The testimony may be briefly summarized as follows: Defendant and the complaining witness, Orville Wilson, are cousins. Wilson had been a deputy sheriff of Tuscola county, his term having expired December 31, 1940. Trouble had been brew-

---

* See Act No. 328, § 84, Pub. Acts 1931, and Act No. 328, § 81a, Pub. Acts 1931, as added by Act No. 237, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 17115–84, 17115–81a; Stat. Ann. § 28.279, Stat. Ann. 1941 Cum. Supp. § 28.276[1]).—Reporter.

ing between these parties for a year or more in connection with defendant's contention that Wilson had shot his dog. There was testimony that defendant had threatened Wilson, and defendant admitted telling Wilson that "as soon as he had his (deputy sheriff's) badge and gun off I was going to give him a whipping."

On January 25, 1941, Wilson and defendant happened to meet in a beer tavern in Cass City. Wilson testified, in substance that he asked defendant to go outside and talk over their quarrel about the dog killing and see if they "could get it squared up;" that, while they were outside, defendant asked Wilson to "come with him and he would show" Wilson proof that he had killed defendant's dog; that he entered defendant's car, and after they had driven several miles into the country, Wilson asked defendant where they were going, and defendant, who was driving, told him that he was going to a certain place "to show you what will happen to you;" that he (Wilson) refused to go any farther and attempted to get out of the car; that he reached over, turned off the ignition, and then turned around to open the car door. He further testified that he remembered nothing that happened thereafter until they were almost back to Cass City, the implication being that, when he turned his back to open the car door, defendant knocked him unconscious.

Defendant's testimony was, in effect, that, while outside the beer tavern, they agreed to drive into the country and settle their differences by fighting, and that he administered the injuries to Wilson in such fight. Defendant admitted that in the alleged fight, and while Wilson was lying on the ground, he struck him several times.

There was testimony that about an hour after leaving the tavern defendant returned and boast-

ingly exhibited Wilson who was semiconscious and in a bruised, lacerated, and injured condition. Wilson was taken to the hospital for medical attention. Defendant showed no particular evidence of having been in a fight except that his right hand was swollen and there was blood on his hands and clothes.

From a careful reading of the record we are satisfied that there was ample testimony from which the jury could reasonably find defendant guilty under the second count of the information. The jury saw and heard the witnesses and was best able to judge the credibility to be given their conflicting testimony. The verdict was not against the great weight of the evidence.

We do not find reversible error in the court's instructions which, when considered in their entirety, reasonably informed the jury of the issues presented under the counts of the information and the law applicable thereto.

We find no reversible error as regards the admission of evidence, nor in the court's manner of conducting the trial. We are satisfied that the errors complained of did not result in a miscarriage of justice.

The conviction is affirmed.

Chandler, C. J., and Boyles, North, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.