ARNSTEEN v U. S. EQUIPMENT COMPANY

1. Appeal and Error—Judges—Discretion—Motion—Evidence—
   Court Rules.
   A claim that a jury's verdict or a judge's decision is against the
   great weight of the evidence is addressed to the discretion of
   the trial judge and therefore must be raised by a motion for a
   new trial in order to preserve the claim for appellate review
   (GCR 1963, 527.1).

2. Appeal and Error—Judges—Discretion—Motions—Evidence—
   Court Rules.
   A claim that there is insufficient evidence to support a verdict or
   a decision is not addressed to the discretion of the trial judge
   and may therefore be raised on appeal without a motion for a
   new trial (GCR 1963, 527.1).

3. Appeal and Error—Judges—Discretion—Motions—Court
   Rules.
   A claim that findings of fact by a judge sitting without a jury are
   clearly erroneous is not addressed to the discretion of the trial
   judge and may therefore be raised on appeal even though no
   exception to the allegedly erroneous finding or decision was
   made at the trial level (GCR 1963, 527.1).

4. Appeal and Error—Judges—Findings of Fact—Evidence.
   The Court of Appeals will affirm the judgment of a trial judge
   sitting without a jury where its reading of the record convinces
   it that there was ample credible admissible evidence to support
   his findings and that those findings were not clearly erroneous.

Appeal from Wayne, William P. Hampton, J. Submitted Division 1 January 10, 1974, at Detroit. (Docket No. 13047.) Decided March 26, 1974. Leave to appeal denied, 392 Mich 769.

Complaint by Harold Arnsteen and Wilbert Rob-

---

References for Points in Headnotes
[1-3] 5 Am Jur 2d, Appeal and Error § 773.
[4] 5 Am Jur 2d, Appeal and Error §§ 839-845.

erts against U.S. Equipment Company for an accounting. Judgment for plaintiffs. Defendant appealed. Affirmed. Defendant appealed to the Supreme Court. Reversed and remanded for reconsideration on the merits, 390 Mich 776 (1973). On reconsideration, affirmed.

*Harvey, Kruse and Westen* (by *James N. Martin),* for plaintiffs.

*Cross, Wrock, Miller & Vieson,* by *W. Robert Chandler (Laurence S. Schultz,* of counsel), for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J. The parties to this action are before us again by order of the Supreme Court. This Court had granted appellees' motion to affirm. The Supreme Court reversed and instructively pointed out to us in its order the difference between the claim that a jury verdict or judge's decision is against the great *weight* of evidence and a claim that there is *insufficient* evidence to support a verdict or decision. Additionally, the Supreme Court noted how a claim that the findings of fact of a trial judge sitting without a jury are clearly erroneous may be raised in the first instance on appeal.

That nothing be lost or confused by our paraphrasing the order we set it out verbatim for the guidance of bench and bar.

"On order of the Court, defendant-appellant having filed an application for leave to appeal from the Court of Appeals' memorandum opinion granting plaintiffs'

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

motion to affirm for the reason that defendant-appellant failed to preserve the issue for appellate review by filing a motion for new trial before the trial court, now it is therefore Ordered that the application for leave to appeal is hereby GRANTED, the Court of Appeals is reversed and this cause is remanded to the Court of Appeals for hearing and decision on the merits in accordance with rules regulating appeals before that Court.

"Under GCR 1963, 527.1, where the losing party claims that a verdict of a jury or decision of a judge is against the great *weight* of the evidence he may raise that claim by a motion for a new trial. Such a motion is addressed to the discretion of the trial judge and, accordingly, if such a motion is not filed, such a claim is not preserved for appellate review.

"A claim that there is *insufficient* evidence to support a verdict or decision is not addressed to the discretion of the trial judge and may be raised on appeal without a motion for a new trial. Similarly, a claim that findings of fact by a judge sitting without a jury are *clearly erroneous* can be raised without invoking the discretion of the trial judge and, accordingly, may be raised on appeal although no exception has been taken at the trial level to the finding or decision claimed to be clearly erroneous. GCR 1963, 517.1."

We now, as directed, turn to disposition on the merits.

The trial transcript is composed of eight volumes. The trial covered nine days. Yet the issue seems to us to be uncomplicated. Simply stated without procedural refinements, it is whether we affirm the trial judge's findings or whether for our reasons stated we reverse.

The litigation grows out of a business transaction between the named parties involving the sale of some used machinery to Chrysler Corporation. The specific dispute is the division of the profits from the sale and the allotment of expenses incident to the transaction.

The trial judge favored us with an admirably detailed opinion including an accounting which alloted with dollar and cent figures the allocation of expenses.

The court found for plaintiffs, although their counsel on oral presentation wryly complained that it was a Pyrrhic victory implying as does the term that another such victory would be a disaster. Plaintiffs' recovery was only a fraction of their claimed entitlement.

We perceive no benefit to trial bench or bar in setting out here the substance of the 16 page opinion. It is of record for those desirous of more detail. The first legal principle involved is whether the trial judge's findings of fact were supported by insufficient evidence or were clearly erroneous.

Our reading of the record convinces us that there was ample credible admissible evidence to support his findings and that they certainly were not clearly erroneous. We so hold.

We use the term "admissible" evidence because appellant asserts legal error in the reception of testimony and exhibits in violation of the hearsay rule. We disagree. We find the challenged exhibits were clearly an exception to the hearsay rule as properly identified and substantiated records received and kept in the ordinary course of business and properly within the scope of MCLA 600.2146; MSA 27A.2146, and interpretive case law.

Although appellant assigns four claims of error, three of them fall within the "clearly erroneous" or "insufficient evidence" rules heretofore discussed. The other is the challenge to admissibility.

We have, as directed by the Supreme Court's order, eschewed all reliance upon claims of error not duly preserved. We base our decision on the record made, weighed against the trial judge's

findings, and our interpretation of the noted exception to the hearsay rule.

We affirm on the merits. Costs to the appellees.

All concurred.