PEOPLE v VASHER

Docket No. 78-3880. Submitted January 15, 1980, at Detroit.—Decided
    May 6, 1980.

Thomas W. Vasher was convicted of unlawful delivery of mari-
    juana, Wayne Circuit Court, William Leo Cahalan, J. Defen-
    dant appeals, alleging that the trial court erred by refusing to
    instruct the jury on the lesser included offense of possession of
    marijuana. *Held:*

The trial court did not err. A trial court may not instruct a
    jury on a lesser included offense with a maximum penalty of
    incarceration for one year or less where the charged offense is
    punishable by more than two years incarceration. The Court of
    Appeals suggests that this rule should be modified by the
    Supreme Court in a case such as this so that a jury is allowed
    to consider at least one alternative supported by the facts other
    than finding a defendant guilty or not guilty of the charged
    offense.

Affirmed.

Criminal Law — Instructions to Jury — Lesser Included Of-
    fenses.

A trial court, in any case wherein the charged offense is punish-
    able by incarceration for more than two years, may not in-
    struct the jury on lesser included offenses for which the maxi-
    mum allowable incarceration period is one year or less.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Michael D. Lehto,* Assist-
ant Prosecuting Attorney, for the people.

*Emmet Tracey, Jr.,* for defendant on appeal.

Reference for Points in Headnote
[1] 75 Am Jur 2d, Trial §§ 876, 880-882.

Before: M. J. KELLY, P.J., and BRONSON and D. C.
RILEY, JJ.

PER CURIAM. Following a jury trial, defendant
was convicted of unlawful delivery of marijuana,
contrary to MCL 335.341(1)(c); MSA
18.1070(41)(1)(c). He was subsequently sentenced to
13 months to 4 years in prison. Defendant now
appeals as of right, claiming that the trial court
reversibly erred by refusing to instruct on the
lesser included offense of possession of marijuana,
MCL 335.341(4)(d); MSA 18.1070(41)(4)(d).

The delivery of marijuana charge carries a max-
imum penalty of 4 years, while possession is only a
1-year misdemeanor. As the trial judge correctly
observed, this penalty disparity precludes instruc-
tion on the lesser included offense of possession.
*People v Kamin,* 405 Mich 482, 501; 275 NW2d 777
(1979), *People v Chamblis,* 395 Mich 408, 429; 236
NW2d 473 (1975), *People v Choate,* 88 Mich App
40, 48; 276 NW2d 862 (1979), *People v Herbert
Ross,* 73 Mich App 588, 592; 252 NW2d 526 (1977).

"We are establishing a rule today, as a matter of
policy, limiting the extent of compromise allowable to a
jury in deciding whether to convict of a lesser included
offense. In any case wherein the charged offense is
punishable by incarceration for more than two years,
the court, whether or not requested, may not instruct
on lesser included offenses for which the maximum
allowable incarceration period is one year or less."
*Chamblis, supra,* at 429.

This standard was enunciated to prevent juries
from reaching compromise verdicts on offenses far
removed from, and less serious than, the original
charged crimes. It was also meant to protect defen-
dants from a never-ending series of accusations
and charges. *Chamblis, supra,* at 428, *People v*

*Brown,* 87 Mich App 612, 616; 274 NW2d 854 (1978). When these underlying concerns are absent, the Supreme Court has modified the *Chamblis* rule. See *People v Miller,* 406 Mich 244; 277 NW2d 630 (1979).

We believe that the instant case affords an excellent opportunity for the Supreme Court to again modify *Chamblis.* Possession is the only alternative offense that could be legitimately supported by the record, thus, there is both the realistic close relationship between the offenses and the lack of numerous possible accusations. Further, the offenses are so overlapping in purpose and composition that a defendant prepared to reply to one charge would have adequate notice to enable him to defend against the other. *Brown, supra,* at 615-616.

In *Keeble v United States,* 412 US 205; 93 S Ct 1993; 36 L Ed 2d 844 (1973), the Supreme Court suggested that grave constitutional questions arise when *no* lesser included offenses are given and the jury is thus denied any opportunity to convict defendant except on the charged crime.

"Moreover, it is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its

doubts in favor of conviction." *Keeble, supra,* at 212-213.

Although we are presently bound by the rule enunciated in *Chamblis, supra,* we believe that it should be modified to allow a jury to consider at least one alternative supported by the facts other than finding a defendant guilty or not guilty of the charged offense. However, even under this construction, it is unlikely that the instant defendant who was caught with over a hundred pounds of marijuana would have been convicted of any crime other than unlawful delivery of marijuana. We merely suggest that the jury should be able to consider and weigh an alternative, here possession, and invite the Supreme Court to consider the constitutional advisability of modification. See *Kamin, supra.*

Affirmed.

M. J. KELLY, P.J., concurs in the result only.