PEOPLE v BROWN

Docket No. 43824. Submitted January 16, 1980, at Detroit.—Decided
May 20, 1980.

Gregory Brown was charged with assault with intent to murder,
possession of a firearm during the commission of a felony and
felonious assault. At his 1978 trial, evidence was presented
that: the defendant entered the house of the complainant and
aimed and fired a gun in the direction of the complainant; the
complainant chased the defendant from the house to an await-
ing automobile where the defendant retrieved a steel pipe with
which the defendant struck the complainant on the head; and
the blow to the complainant's head rendered him unconscious
and caused cuts, a bruise and an eye injury which, while not
requiring the complainant to seek immediate medical attention,
caused the complainant to seek medical attention on the eve-
ning following the assault. During the trial, in response to a
question by defense counsel concerning how many times the
complainant had seen the defendant, the complainant re-
sponded that he had not seen much of defendant because "I
heard he was out but I didn't see him". Defense counsel moved
for a mistrial on the basis that the answer of the complainant
implied that the defendant had recently been released from
incarceration. The Recorder's Court of Detroit, John P. O'Brien,
J., denied the motion for a mistrial. No motion for a curative
instruction was made and no such instruction was given. In
charging the jury, the trial court instructed the jury as to the
lesser included offense of aggravated assault, a misdemeanor, in
addition to instructing the jury as to the charged felonies.
Neither defense counsel nor the prosecution objected to the fact
that the trial court instructed the jury as to aggravated assault.
The jury found the defendant not guilty of the charged offenses

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery §§ 3, 5, 48.
[2] 6 Am Jur 2d, Assault and Battery §§ 92, 107.
[3] 5 Am Jur 2d, Appeal and Error § 602.
[4] 5 Am Jur 2d, Appeal and Error §§ 545, 548, 549.
    75 Am Jur 2d, Trial § 876 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error §§ 785, 931.

but found him guilty of the included misdemeanor offense of aggravated assault. Defendant appeals. *Held:*

1. There was sufficient evidence to establish the infliction of serious or aggravated injury element of aggravated assault, since, on the proofs presented, the jury could have properly concluded beyond a reasonable doubt that the injury inflicted was of a serious or aggravated nature. The fact that the injury did not require immediate medical attention is not dispositive of whether there was a serious or aggravated injury, the need for such medical attention being only one factor in the determination of the nature of the injury.

2. In the absence of any statute, court rule, or case law requiring that expert testimony be used to establish whether an injury is serious or aggravated for the purpose of the aggravated assault statute, the Court of Appeals declines to imply such a requirement.

3. Since there was no request for a curative instruction to the unsolicited reference which indirectly implied that the defendant had been previously incarcerated, the question was not preserved for appellate review in the absence of a showing of manifest injustice. Manifest injustice has not been shown.

4. The trial court erred when it instructed the jury as to aggravated assault, a misdemeanor, because the Supreme Court has ruled as a matter of policy that instructions shall not be given on lesser included misdemeanors of a felony punishable by imprisonment for more than two years. Reversal is not required absent manifest injustice because defendant failed to object to the instruction. There is no manifest injustice because the policy considerations underlying the rule are not present in the instant case.

Affirmed.

M. J. KELLY, P.J., concurred in the result reached by the majority. He agrees that no manifest injustice has been shown. He points out that reversal and retrial is not an available alternative and reversal and release ignores the facts, the rights of the people and the victim. He would also affirm.

OPINION OF THE COURT

1. ASSAULT AND BATTERY — EVIDENCE — SUFFICIENCY OF EVIDENCE — AGGRAVATED ASSAULT — SERIOUS OR AGGRAVATED INJURY — MEDICAL ATTENTION — STATUTES.

There was sufficient evidence relative to the element of the infliction of a serious or aggravated injury within the meaning of the aggravated assault statute such that a reasonable person

could conclude that that element was established beyond a reasonable doubt where the proofs were that a defendant struck a victim on the head with a steel pipe, rendering the victim unconscious and inflicting cuts, bruises and an eye injury on the victim; the need to seek immediate medical attention is only one factor used in determining whether the element of infliction of a serious or aggravated injury is established (MCL 750.81a; MSA 28.276[1]).

2. ASSAULT AND BATTERY — EVIDENCE — AGGRAVATED ASSAULT — SERIOUS OR AGGRAVATED INJURY — EXPERT TESTIMONY — STATUTES.

Expert testimony is not required to establish the element of a serious or aggravated injury for the purpose of the aggravated assault statute; the jury is normally capable of applying the serious and aggravated injury language of the aggravated assault statute without the need for expert testimony.

3. CRIMINAL LAW — EVIDENCE — DEFENDANT'S PRIOR INCARCERATION — CURATIVE INSTRUCTIONS — MANIFEST INJUSTICE.

An indirect reference to a defendant's prior incarceration made in response to a question asked by defense counsel, with respect to which a motion for mistrial but no motion for a curative instruction was made, does not mandate reversal, since, in the absence of a motion for a curative instruction, the issue is not preserved for appellate review absent a showing of manifest injustice.

4. ASSAULT AND BATTERY — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MISDEMEANORS — MANIFEST INJUSTICE.

Instructing a jury as to the lesser included offense of aggravated assault, a misdemeanor, in a trial for assault with intent to murder and felonious assault, which are felonies, is error; however, in the absence of an objection to such an instruction, appellate review is precluded absent a showing of manifest injustice, and manifest injustice is not shown where the underlying concerns of the rule are not present.

CONCURRENCE BY M. J. KELLY, P.J.

5. APPEAL — ERROR — PURPOSE OF RULE OF LAW — MANIFEST INJUSTICE.

*The Court of Appeals should affirm a criminal conviction where, although the action of the trial court violated the rule of law then in effect, the purpose of the rule was satisfied, the rule was subsequently modified by the Supreme Court and no manifest injustice resulted, and where reversal and retrial is not an*

*available alternative and reversal and release ignores the facts, the rights of the people and the victim.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Marvin Skupski,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and D. C. RILEY, JJ.

PER CURIAM. Defendant was charged in a three-count information with assault with intent to murder, MCL 750.83; MSA 28.278, possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), and felonious assault, MCL 750.82; MSA 28.277. After a jury trial, he was found not guilty on the first two charges, and on the third, was found guilty of the included offense of aggravated assault, MCL 750.81a; MSA 28.276(1).[1] He was sentenced to one year in prison, and now appeals by right.

The complainant testified that on June 11, 1978, he went to a barbershop. The defendant's brother Alvin was also there, and the two men engaged in a "tussel", allegedly over a grudge held by Alvin against the complainant. The fight was broken up by bystanders. Approximately three hours later, the complainant and his sister were alone at his father's home; and, while they were sitting in the living room, they heard one shot which came from outside. They looked out the window and saw a car traveling down the street in front of the house. Alvin was driving, defendant was in the front seat,

---

[1] Sometimes referred to as "assault and infliction of serious injury".

and defendant's other brother, Karl, and his sister's boyfriend were in the back seat. The complainant testified that Alvin had his hand sticking out of the window and was holding a gun and that, as the car was still moving, the defendant jumped out and ran up onto the porch of the house and opened the screen door. The complainant testified that, while he was diving towards the front door in order to shut it, defendant stepped into the house, aimed, and fired. The bullet did not strike anyone and landed in the hallway wall. Defendant ran from the porch followed by the complainant, returned to his car, retrieved a steel pipe from the car, and hit the complainant on the head. The blow knocked the complainant unconscious.

Defendant first argues that the prosecution failed to present sufficient evidence of a serious or aggravated injury so as to sustain the burden of proof on a charge of aggravated assault.[2] The statute provides as follows:

"Any person who shall assault another without any weapon *and inflict serious or aggravated injury* upon the person of another without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail or the state prison for a period of not

---

[2] The prosecution argues that defendant is attacking his conviction as against the great weight of the evidence. Accordingly, it argues that the issue is not properly preserved for appeal as defendant did not first raise the claim by way of a motion for a new trial. See *People v Jagosz,* 253 Mich 290; 235 NW 160 (1931), GCR 1963, 527.1(5). We construe defendant's argument as attacking the *sufficiency* of the evidence rather than its weight. In other words, defendant is arguing that the prosecution failed to establish an element necessary to the charged offense. In these circumstances, no motion for a new trial need be made. *Arnsteen v US Equipment Co,* 52 Mich App 177; 217 NW2d 61 (1974), *lv den* 392 Mich 769 (1974), *People v Bruce,* 35 Mich App 358, 360; 192 NW2d 634 (1971), *lv den* 387 Mich 788 (1972).

more than 1 year, or fine of $500.00, or both." (Emphasis added.) MCL 750.81a; MSA 28.276(1).

CJI 17:3:01, which was given to the jury during the trial court's instructions, further defines "serious or aggravated injury" as "substantial bodily [physical] injury or injury that necessitated immediate medical treatment or caused disfigurement, impairment of health or impairment of any bodily part". The evidence will be deemed sufficient if it would justify a reasonable person in concluding that the element was established beyond a reasonable doubt. *People v Johnson,* 83 Mich App 1, 17-18; 268 NW2d 259 (1978).

Several persons testified at trial concerning complainant's injuries. Their testimony revealed that he had been rendered unconscious by the blow to the head, and that his head hit concrete as he fell. He suffered cuts on his face, an eye injury, and a bruised neck. We hold this evidence was sufficient to justify a reasonable person in concluding that defendant inflicted a serious or aggravated injury on complainant. See *People v Chadwick,* 301 Mich 654, 656-657; 4 NW2d 45 (1942). While complainant did not seek medical attention until the evening following the attack, the need to seek immediate medical attention is only one factor used in determining whether the element is established.

The defendant also argues that expert testimony is required on the question of whether a serious or aggravated injury has been inflicted. We know of no such requirement, and decline to imply one. Expert testimony is important if it can aid the trier of fact in resolving complex issues beyond the experience of a person not trained in a specific field. See MRE 702. We believe, however, that a jury is normally capable of applying the statutory

language involved in the instant case without the need of expert testimony.

During the cross-examination of complainant, in response to a question asked by defense counsel, complainant implied that defendant had recently been released from incarceration.[3] On appeal, defendant argues the trial court erred in not giving a curative instruction. While defendant's trial counsel did request a mistrial, which was denied, no request for a curative instruction was made. Accordingly, this issue is not preserved for our review absent a showing of manifest injustice. *People v Phillips,* 61 Mich App 138, 149-151; 232 NW2d 333 (1975). We do not believe manifest injustice will result from our refusal to reach this issue. The response was not solicited, and did not directly convey the fact of defendant's prior incarceration. Defendant's reliance on *People v Killebrew,* 61 Mich App 129; 232 NW2d 329 (1975), *lv den* 395 Mich 817 (1975), is misplaced, as defense counsel in *Killebrew* actually requested a curative instruction.

Defendant finally contends that the jury should not have been instructed on the crime of which he was convicted, as instruction on this lesser included offense was barred by *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), where the Supreme Court stated:

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years,

---

[3] The question and response were as follows:

"Q How many times did you see him during the last six months?

"A I didn't see him that much, you know, like I heard he was out but I didn't see him."

the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

The rule is applicable in the instant case, as the charged offense, felonious assault, carries a maximum sentence of four years[4] and the included offense, aggravated assault, is punishable by a maximum sentence of one year.[5]

It is not clear from the record whether the trial court gave the instruction on its own accord, or whether it was requested by one of the parties. Although the record does not establish that the instruction was requested by the defense, it does reveal that defendant made no objection to this specific charge. As a result, appellate review is precluded absent manifest injustice. See, *e.g., People v Jones,* 92 Mich App 100, 108; 284 NW2d 501 (1979), *People v Clay,* 91 Mich App 716, 723; 283 NW2d 870 (1979).

We do not believe manifest injustice will result from a failure to reach this issue. In the course of formulating rules to govern lesser included offenses, the Supreme Court adopted the rule in *Chamblis* as a brake on the power of the jury, in the "exercise of conscience", to compromise beyond reasonable limits. The rule was to protect both the defendant and the community. An endless procession of lesser included offenses could amount to harassment and could, ultimately, lead to a conviction on a lesser offense bearing no reasonable relation to the charge on which the defendant was originally brought before the court. On the other hand, those who have actually committed a serious offense should be punished as such and should not

[4] MCL 750.82; MSA 28.277.
[5] MCL 750.81a; MSA 28.276(1).

be allowed the chance to escape with conviction on a charge that is technically a lesser included offense but is logically unrelated to the charged offense.

Applying these policy considerations to the instant case, we believe that the underlying concerns expressed in *Chamblis* are not present. The offenses of felonious assault and aggravated assault are of the same class, and bear a reasonable relationship to one another. See *People v Brown,* 87 Mich App 612; 274 NW2d 854 (1978). The Supreme Court has modified the *Chamblis* rule in cases where the motivating policies of the rule are not offended. *People v Miller,* 406 Mich 244; 277 NW2d 630 (1979). Additionally, this Court has encouraged the Supreme Court to allow modification of the rule in such circumstances. *People v Vasher,* 97 Mich App 372; 296 NW2d 30 (1980). While we point out these considerations solely in support of our opinion that defendant has suffered no manifest injustice, we too urge the Supreme Court to reconsider the presently broad sweep of *Chamblis.*

Affirmed.


M. J. KELLY, P.J., *(concurring).* I will concur in the result reached by the majority because I too am convinced from all the evidence that no manifest injustice resulted.

We have searched the record to determine the context in which the trial court agreed to instruct the jury on aggravated assault. We were at first incredulous that an apparent *Chamblis* violation could occur more than 2-1/2 years after the Supreme Court established the rule that: "In any case wherein the charged offense is punishable by incarceration for more than two years, the court,

whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less." That rule was released December 18, 1975. The trial court in this case on August 18, 1978, without record explanation, ignored the rule. But the attorney for the defense and the assistant prosecuting attorney also ignored the rule. In fact, appellate defense counsel did not cite the violation in his original brief but did bring it to our attention in a supplemental brief. So far as we can determine the instruction was simply given as a lesser included offense instruction without discussion or objection or comment.

For my part I concur in the result reached by the majority because I am at a loss as to how to handle it otherwise. There is no doubt the defendant has been acquitted on the four year felony charge and on the two year firearm charge. There is no doubt that the record supports his guilt beyond a reasonable doubt of the misdemeanor charge for which the jury found him guilty. Reversal and retrial is not an alternative. Perhaps I am in error in saying that reversal and release ignores the facts, the rights of the people and the victim. It would have been easier if the trial court had given us a reasoned analysis on the subject. Since we cannot conceive that all of the principals were deaf to the detonation caused by *Chamblis,* we can only assume they were experimenting on their own and perhaps anticipating the "realistic relationship" analysis of the Supreme Court in *People v Miller,* 406 Mich 244; 277 NW2d 630 (1979).

I concur.