# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RANDY MARSH,

       Defendant-Appellant.

UNPUBLISHED
January 26, 2016

No. 323709
Wayne Circuit Court
LC No. 14-001831-FC

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of malicious destruction of personal property totaling $1,000 or more but less than $20,000, MCL 750.377a(1)(b)(*i*), aggravated domestic violence, MCL 750.81a(2), and aggravated assault, MCL 750.81a(1). Defendant was sentenced to one to five years' imprisonment for his malicious destruction of personal property conviction, one year of probation for his aggravated domestic violence conviction, and one year of probation for his aggravated assault conviction, with all sentences to be served concurrently. We affirm.

## I. FACTUAL BACKGROUND

This case arises from two violent incidents that occurred on the same day on the eastside of Detroit between defendant and Kryjia Bryson, the mother of his child. Kryjia went to the home of defendant's mother, Sheryl Marsh, in the early afternoon to speak with defendant about their child. While Kryjia was there, a physical altercation ensued, during which defendant grabbed Kryjia and pushed her to the ground. Kryjia sustained bruising to her face and eye, which worsened throughout the day.

Later, at approximately 8:00 p.m., Kryjia, along with a friend and her sisters Trinity Mix and Falise Bryson, drove to the area of Sheryl Marsh's home. According to Kryjia, as she was driving down the street in front of Marsh's home, a large rock or brick struck the back window of the vehicle, startling her and causing her to drive into a snowbank. At this point, Kryjia alleged that Sheryl Marsh came running at her, shooting a handgun, and that defendant and another individual were hitting her car with stones and bricks. Defendant then pulled Mix out of the vehicle by her hair and kicked her in the face, which caused the side of her face to bleed. Ultimately, the vehicle sustained approximately $4,000 in damage, as several windows were

-1-

cracked or shattered, the windshield was cracked, and the headlights and taillights were damaged.

Following a bench trial, defendant was convicted of malicious destruction of personal property, aggravated assault, and aggravated domestic violence. Defendant moved for a new trial, arguing that his convictions were against the great weight of the evidence. The trial court denied defendant's motion.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution presented insufficient evidence at trial to support a malicious destruction of personal property conviction, as Kryjia's testimony was the only evidence presented regarding the amount of monetary damage. We disagree.

## A. STANDARD OF REVIEW

We review *de novo* a defendant's challenge to the sufficiency of the evidence underlying his conviction. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id.* Additionally, we are "required to draw all reasonable inferences and make credibility choices in support of the . . . verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

## B. ANALYSIS

In relevant part, MCL 750.377a provides:

(1) A person who willfully and maliciously destroys or injures the personal property of another is guilty of a crime as follows:

\* \* \*

(b) If any of the following apply, the person is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00 or 3 times the amount of the destruction or injury, whichever is greater, or both imprisonment and a fine:

(*i*) The amount of the destruction or injury is $1,000.00 or more but less than $20,000.00.

The statute does not set forth a procedure for calculating the amount of the destruction or injury. However, this Court has held that "in a case of malicious destruction of property, the prosecutor may establish the amount of damage resulting from an injury by showing either (a) the difference in the market value of the property immediately before and after the injury, or (b) the reasonable cost of repairing or restoring the property." *People v Hamblin*, 224 Mich App 87, 96; 568 NW2d 339 (1997) (quotation marks and alteration omitted). Although the cost that the "complainant actually paid out of pocket to repair" the damage "is not in and of itself controlling" when other

evidence is provided, the amount actually paid by the complainant "can properly be considered as evidence of value." *Id*. at 101.

Sufficient evidence was presented at trial to prove that the vehicle sustained $4,000 in damage. Kryjia testified at trial that it cost "[a]round $4,000" to repair the vehicle, and that she actually had the car repaired. Kryjia described the damages as follows: several windows were cracked or shattered, there was a bullet hole in the backseat of the car, the windshield was cracked, and the headlights and taillights were damaged. No other evidence was presented to refute Kryjia's claim that the amount of destruction or injury to the vehicle was approximately $4,000.[1] The trial court heard Kryjia's testimony and found it to be credible. It was the role of the trier of fact to assess the credibility of the complainant's testimony, and we will not interfere with the superior opportunity and ability of the trial judge to determine witnesses' credibility. *People v Wolfe,* 440 Mich 508, 514-515; 489 NW2d 748, amended 441 Mich 1201 (1992); *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

Thus, especially given our duty to view the evidence in the light most favorable to the prosecution, *Meissner*, 294 Mich App 452, a rational fact-finder could find that the prosecution proved beyond a reasonable doubt that "[t]he amount of the destruction or injury [was] $1,000.00 or more but less than $20,000.00," MCL 750.377a(1)(b)(*i*), based on Kryjia's unrefuted testimony.

### III. GREAT WEIGHT OF THE EVIDENCE

Next, defendant argues that the trial court abused its discretion in denying defendant's motion for a new trial because his convictions were against the great weight of the evidence.[2] We disagree.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

---

[1] We reject defendant's argument that the specific facts of *Hamblin* require us to conclude that Kryjia's testimony was insufficient to prove the reasonable cost of repairing the vehicle. Likewise, contrary to defendant's claim on appeal, *Hamblin* does not require that the prosecution present more evidence than a complainant's testimony in order to prove the reasonable cost of repair.

[2] To the extent that defendant briefly argues, in presenting the relief requested, that his aggravated assault and aggravated domestic violence convictions were supported by insufficient evidence, we deem this argument abandoned because he did not raise it in his statement of the questions presented. See MCR 7.212(C)(5); *People v McMiller*, 202 Mich App 82, 83 n 1; 507 NW2d 812 (1993). Further, because defendant does not assert a separate basis for an insufficiency of the evidence claim concerning those convictions, such an argument would fail for the same reasons as those discussed *infra* with regard to his argument that those convictions were against the great weight of the evidence. See *People v Brown*, 239 Mich App 735, 745-746, 746 n 6; 610 NW2d 234 (2000).

We review "a trial court's grant or denial of a new trial on the ground that the verdict was against the great weight of the evidence" for an abuse of discretion. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

"A trial court may grant a motion for a new trial based on the great weight of the evidence only if the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Unger*, 278 Mich App at 232, citing *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998); see also *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). "Conflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial," as "[a]bsent exceptional circumstances, issues of witness credibility are for the trier of fact." *Unger*, 278 Mich App at 232. Additionally, in general, "a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009).

## B. MALICIOUS DESTRUCTION OF PERSONAL PROPERTY

First, defendant argues that the trial court abused its discretion when it denied his motion for a new trial because his malicious destruction of personal property conviction was against the great weight of the evidence for the same reasons as those raised with regard to his insufficiency of the evidence claim. We similarly reject this argument for the same reasons as those discussed *supra*. See *People v Brown*, 239 Mich App 735, 745-746, 746 n 6; 610 NW2d 234 (2000) (noting that whether a defendant's convictions were supported by sufficient evidence and whether they were against the great weight of the evidence are separate questions, but if the arguments are parallel or based on the same reasons, then both arguments succeed or fail together). Further, because Kryjia's testimony regarding the amount of damage was not contradicted by any other evidence at trial, we cannot conclude that "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Unger*, 278 Mich App at 232.

Thus, we reject defendant's claim.

## C. AGGRAVATED ASSAULT

Next, defendant argues the trial court abused its discretion in denying defendant's motion for a new trial because the evidence of Mix's injures was "beyond dubious." He asserts that the victims' testimony was inadequate—without additional photographs, evidence of medical treatment, police eyewitness testimony, or other evidence—to establish an injury that rises to the level required to establish aggravated assault. He also emphasizes that neither of the police officers who observed Mix following the incident testified that she sustained an injury.

MCL 750.81a(1) provides:

(1) Except as otherwise provided in this section, a person who assaults an individual without a weapon and inflicts serious or aggravated injury upon that

-4-

individual without intending to commit murder or to inflict great bodily harm less than murder is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

This Court has defined "serious or aggravated injury" as "a physical injury that requires immediate medical treatment or that causes disfigurement, impairment of health, or impairment of a part of the body." *People v Norris*, 236 Mich App 411, 415 n 3; 600 NW2d 658 (1999) (quotation marks and citation omitted). In the context of a claim regarding the sufficiency of the evidence underlying an aggravated assault conviction, this Court previously stated:

> Several persons testified at trial concerning complainant's injuries. Their testimony revealed that he had been rendered unconscious by the blow to the head, and that his head hit concrete as he fell. He suffered cuts on his face, an eye injury, and a bruised neck. We hold this evidence was sufficient to justify a reasonable person in concluding that defendant inflicted a serious or aggravated injury on complainant. See *People v Chadwick*, 301 Mich 654, 656-657; 4 NW2d 45 (1942). While complainant did not seek medical attention until the evening following the attack, the need to seek immediate medical attention is only one factor used in determining whether the element is established.

> The defendant also argues that expert testimony is required on the question of whether a serious or aggravated injury has been inflicted. We know of no such requirement, and decline to imply one. Expert testimony is important if it can aid the trier of fact in resolving complex issues beyond the experience of a person not trained in a specific field. See MRE 702. We believe, however, that a jury is normally capable of applying the statutory language involved in the instant case without the need of expert testimony. [*People v Brown*, 97 Mich App 606, 611-612; 296 NW2d 121 (1980).]

At trial, Mix testified that defendant pulled her out of the vehicle with her hair, in a way that caused her face to drag on the ground in the snow, and then kicked her on the side of her face. Similarly, Falise testified that "[defendant] started to kick at my sister's head and I'm trying to pull her back into the car and somehow Kryjia pulled her on the other side of me and I can remember seeing . . . my sister was bleeding from the side of her face." Therefore, the evidence at trial indicated that defendant's act of dragging Mix out of the car and kicking her in the face caused her face to bleed.

As the trial court concluded, given the testimony of these eyewitnesses, the evidence does not "preponderate[] so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Unger*, 278 Mich App at 232. Neither the fact that the police officers responding to the scene did not specifically testify regarding whether Mix sustained injuries, nor the fact that there is no additional testimony or documentary evidence regarding Mix's injuries, requires us to conclude that the verdict was against the great weight of the evidence.

Therefore, the trial court's denial of defendant's motion for a new trial was not outside the range of reasonable and principled outcomes. See *Young*, 276 Mich App at 448.

## D. AGGRAVATED DOMESTIC VIOLENCE

Lastly, defendant argues that his aggravated domestic violence conviction was against the great weight of the evidence because (1) defendant did not intend to assault Kryjia and (2) Kryjia's injuries were not "serious or aggravated." MCL 750.81a(2) provides:

> (2) Except as provided in subsection (3), an individual who assaults his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of the same household without a weapon and inflicts serious or aggravated injury upon that individual without intending to commit murder or to inflict great bodily harm less than murder is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

As aggravated domestic violence is a type of aggravated assault, only distinguished by the victim of the assault, we conclude that the definition of "serious or aggravated injury" for purposes of aggravated domestic violence under MCL 750.81a(1) is the same definition for purposes of aggravated assault under MCL 750.81a(2). See *Norris*, 236 Mich App at 415 n 3.

Here, the trial court heard testimony that defendant grabbed Kryjia in order "to fight [her]" and then pushed her to the ground. Although Kryjia could not testify as to how she sustained her bruises, she testified that she was hit in the face after she and defendant fell to the ground. As a result of defendant's actions, Kryjia suffered bruising to her face and eye, which worsened throughout the day.[3] She went to the hospital after the incident, despite not wishing to do so, and testified that her injuries did not require medical attention.

In light of this testimony, we reject defendant's claim that "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Unger*, 278 Mich App at 232. "[A]n assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery, and [a] battery is the consummation of an assault." *People v Milton*, 257 Mich App 467, 473; 668 NW2d 387 (2003) (quotation marks and citation omitted; second alteration in original). Assault and battery are both specific intent crimes that require "either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery." *People v Datema*, 448 Mich 585, 602; 533 NW2d 272 (1995) (quotation marks and citation omitted). Thus, with regard to defendant's argument that his conduct did not constitute an assault, Kryjia's testimony—which indicated that defendant grabbed her in order "to fight [her]" and pushed her

---

[3] The trial court specifically noted in its order denying defendant's motion for a new trial that it determined that defendant's conviction was not against the great weight of the evidence in "considering the testimony that Kryjia Bryson suffered a bruised face and eye and the photographs showing her injuries." The trial court admitted photographs at trial showing the appearance of Kryjia's eye following the incident, but this evidence was not included in the lower court file received on appeal.

to the ground—provided evidence that defendant either intended to injure her or intended to put her in reasonable fear or apprehension of an immediate battery. Defendant's testimony at trial that he merely stopped Kryjia from fighting with his girlfriend, at which time he and Kryjia fell into a pile of snow, does not render the verdict against the great weight of the evidence. See *Unger*, 278 Mich App at 232 (stating that issues of witness credibility are for the trier of fact except under exceptional circumstances).

Additionally, we cannot conclude, solely based on Kryjia's testimony that her injuries did not require immediate medical attention, that the evidence did not reasonably support defendant's conviction, *Lacalamita*, 286 Mich App at 469, or that this testimony caused the evidence to preponderate heavily against the verdict, *Unger*, 278 Mich App at 232. As stated *supra*, "the need to seek immediate medical attention is only one factor used in determining whether the element is established." *Brown*, 97 Mich App at 611.

In sum, given the testimony in the record regarding the nature of Kryjia's injuries, the trial court's conclusion, that defendant's aggravated domestic violence conviction was not against the great weight of the evidence, is within the range of reasonable and principled outcomes. *Young*, 276 Mich App at 448.

## IV. CONCLUSION

Defendant has failed to establish that his malicious destruction of personal property conviction was supported by insufficient evidence. Additionally, he has failed to demonstrate that the trial court abused its discretion when it denied his motion for a new trial.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood