# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DIANA LYNN LEWIS,

        Defendant-Appellant.

UNPUBLISHED
April 19, 2016

No. 324887
Wayne Circuit Court
LC No. 14-005657-FC

Before: O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Diana Lynn Lewis, was convicted of aggravated assault, MCL 750.81a(1), and unlawfully driving away an automobile, MCL 750.413. She was acquitted of carjacking, MCL 750.529a, assault with intent to do great bodily harm less than murder, MCL 750.84, and felonious assault, MCL 750.82. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 18 months to 15 years for the unlawfully driving conviction and 93 days for the assault conviction. We affirm but remand for further proceedings as set forth below.

On the morning of March 25, 2014, Howard Steele was sitting in his vehicle waiting for a friend. Defendant approached Steele's vehicle, and Steele agreed to drive defendant to a nearby gas station. While Steele was pumping gasoline into his vehicle, defendant exited the vehicle to speak with another individual. When Steele was not paying attention, defendant returned to the vehicle, jumped into the driver's seat, and shut the car door. Concerned about losing his vehicle, Steele grabbed the car's door handle, and defendant sped away. Steele testified that defendant was swerving and "[j]ust trying to shake [him] off of the car shaking [him] from holding on to the car." Defendant dragged Steele approximately 100 yards before Steele let go. Steele was hospitalized after the incident for approximately five to seven days due to his various injuries. Defendant was convicted and sentenced as described above, and this appeal followed.

On appeal, defendant first argues that there was insufficient evidence to support her aggravated assault conviction. We disagree. Sufficiency of the evidence claims are reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proven beyond a reasonable doubt." *Id*. We are "required to draw all reasonable inferences and make credibility choices in support of the . . . verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78

(2000). "The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (citation and internal quotation marks omitted).

To convict defendant of aggravated assault, the prosecution was required to prove the following beyond a reasonable doubt: (1) that defendant committed an assault, (2) that she inflicted a serious or aggravated injury, and (3) that she did not intend to murder or commit great bodily harm. MCL 750.81a(1). Also, defendant must have intended to injure the victim or make the victim reasonably fear an immediate battery. *People v Brown*, 97 Mich App 606, 610-611; 296 NW2d 121 (1980). On appeal, defendant argues that there was insufficient evidence to support a conclusion that she intended to injure the victim. "Intent may be inferred from all the facts and circumstances." *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011).

In this case, as the trial court correctly recognized, Steele testified that he was, in fact, yelling and screaming at defendant while being dragged by the vehicle. By continuing to drive while Steele was yelling, a factfinder could reasonably infer that defendant intended to injure Steele. This is especially true in light of Steele's testimony that defendant was swerving the vehicle while dragging him in a manner that led him to believe she was "[j]ust trying to shake [him] off." Viewing the evidence in a light most favorable to the prosecution, we conclude that a factfinder could reasonably infer that, by swerving while dragging Steele behind the vehicle, defendant was both aware of Steele's presence and intended to injure him. While defendant claims that this is untrue, we defer to the trial court's credibility determinations, *Nowack*, 462 Mich at 400, and the trial court expressly concluded that defendant was "not very credible." Accordingly, we conclude that there was sufficient evidence to support defendant's aggravated assault conviction.

Defendant also argues on appeal that this matter must be remanded to correct several errors in the presentence investigation report (PSIR). We agree. "We review the sentencing court's response to a claim of inaccuracies in defendant's PSIR for an abuse of discretion." *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). "There is a presumption that the information contained in the PSIR is accurate unless the defendant raises an effective challenge. When a defendant challenges the accuracy of the information, the defendant bears the burden of going forward with an effective challenge." *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). After a challenge to the accuracy of the PSIR has been alleged, the trial court is required to respond. *People v Uphaus (On Remand)*, 278 Mich App 174, 182; 748 NW2d 899 (2008); *Spanke*, 254 Mich App at 648. "The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information. Should the court choose the last option, it must clearly indicate that it did not consider the alleged inaccuracy in determining the sentence." *Spanke*, 254 Mich App at 648-649 (citation omitted). "If the court finds . . . that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the presentence investigation report shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections." MCR 771.14(6).

In this case, we conclude that the trial court did not properly address defendant's challenges to various inaccuracies in the PSIR. Primarily, defendant challenged the PSIR in that

it indicated that defendant's aggravated assault conviction constituted a 15-year felony as opposed to a 93-day misdemeanor. Defendant also challenged various other alleged inaccuracies in the PSIR, asserting that she was convicted of attempted identify theft instead of identity theft in 2011; that the August 5, 2011 probate order indicates "Legally Incapacitated," not "Legally and Capacitated" in two separate places; that her mother's name is spelled incorrectly; that only her father, not both parents, are deceased; that she completed the Salvation Army program in 2013; that she suffers from bipolar disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, and borderline personality disorder, not just bipolar disorder; and that her liabilities are in excess of $11,000, not $350. The trial court did not rule on these challenges. As stated above, when the accuracy of a PSIR is challenged, the trial court must respond. *Uphaus*, 278 Mich App at 182; *Spanke*, 254 Mich App at 648. Because it failed to do so, a remand for further proceedings is necessary.

Affirmed but remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien