PEOPLE *v.* NUNN.

1. CRIMINAL LAW—ACCOMPLICES—UNCORROBORATED TESTIMONY.
   A person charged with a crime may, in this State, be convicted
   upon the uncorroborated evidence of an accomplice.

2. SAME—AFFIDAVIT IMPEACHING TESTIMONY—NEW TRIAL.
   The denial of a motion for a new trial in a criminal case on
   the ground of newly-discovered evidence, consisting solely
   of the affidavit of an accomplice to the effect that the testi-
   mony given by him upon the trial was false, will not be dis-
   turbed on appeal.

3. SAME—PREMEDITATED HOMICIDE—DEGREE OF CRIME.
   One who induces another, by promise of reward, to lie in wait
   and commit homicide, is guilty of murder in the first degree,
   and a jury, in passing upon his guilt, is properly limited to
   the consideration of that offense.

Error to Gladwin; Sharpe, J.   Submitted May 2, 1899.
Decided July 5, 1899.

Benjamin C. Nunn was convicted of murder in the first
degree, and sentenced to imprisonment for life in the state
prison at Jackson.   Affirmed.

*Sumner Collins*, for appellant.

*Guy E. Smith*, Prosecuting Attorney, for the people.

LONG, J.   Respondent was convicted of murder in the
first degree.   The information charged in one count that
one Richard Roy Nunn feloniously, willfully, and of his
malice aforethought did kill and murder one Curtis
Wright, and that Benjamin C. Nunn, the respondent,
though not present, did aid and abet in the commission of
the crime.

Richard Roy Nunn is the son of respondent.   On the
trial this son testified that his father, about a week before
the shooting of Wright, promised him that, if he would

kill Wright, he would give him half of certain money he claimed he had in Canada, which he was then going after; that his father went from home, and on July 10th he (the witness) went over to Wright's, entered the chicken-house, took some chickens, and put them in a bag he had with him; that one of the chickens made a noise, when Wright and his wife came out with a dog; that he lay down in the grass, but the dog followed, and barked at him, when he fired one shot at the dog; that Wright then ran towards him, and he fired the other shot at him. Wright died from this second shot. The witness testified, further, that he went there that night to shoot Wright, because he was asked by his father to do so. Respondent denied this story, and testified that he knew nothing of the killing of Wright; that he did not advise it; and that he had no talk with his son about it. Respondent was convicted, and sentenced to the state prison for life. A motion for a new trial was subsequently made in the case, claiming:

1. That the verdict was against the weight of evidence.
2. That the testimony of Richard Roy Nunn given on the trial was false and perjured, as he himself admits, and that without his testimony there was no evidence of respondent's guilt.
3. That there is newly-discovered evidence.

This motion was denied by the court below, and the proceedings for such new trial are incorporated in the bill of exceptions.

It is contended here that the respondent was convicted upon the uncorroborated testimony of Richard Roy Nunn, upon the theory that respondent was an accessory before the commission of the crime, and a conspirator with him in its accomplishment, and that, under such circumstances, the conviction should be set aside. It is settled in this State that a person charged with a crime may be convicted upon the evidence of an accomplice, without any corroboration or confirmation of such testimony from other sources. *People* v. *Gallagher*, 75 Mich. 512, and

cases there cited.    There were some corroborating circumstances, however, in this case.

The charge of the court was fair, and fully protected all the rights of the respondent.    The court charged the jury that:

"The respondent has pleaded not guilty to the information, and the presumption of law falls on him all through this case that he is innocent until he is proven guilty. He does not have to establish his innocence; the people have to establish his guilt.    The burden of proof is on the people all the way.    They have to satisfy your minds beyond any reasonable doubt, by the evidence which they have produced before you for your consideration, of the guilt of the respondent.    If, after you have considered the testimony in this case, and viewed it in connection with the surrounding circumstances, you can say, in your own minds, you have a reasonable doubt as to whether or not the respondent is guilty, then it is your duty to acquit him; he is entitled to the benefit of that doubt.    On the other hand, after you have considered the evidence, if no such doubt exists, it is your duty, as honest, intelligent, conscientious jurors, to say by your verdict that he is guilty.
\*    \*    \*

"Now, there has been considerable said by counsel on both sides as to the weight which the jury in this case should give to the testimony of Richard Roy Nunn, and it may be somewhat difficult for me to lay down any principles of law governing that question for you.    It is not my province and I wish to say to you that you must not form any opinion of the facts in this case from anything I may say to you.    You must not form any idea that I think the facts are established one way or the other.    You are the sole judges of the facts, and, if anything I should say should intimate to you how you might think I felt as to the facts, you are to disregard that in making up your verdict.    You have a right to follow the directions of the court as to the matters of law, but you are to be in no way guided by any impressions you may have formed as to the court's opinion of the questions of fact.    Now, the fact that this young man, by his own admissions upon the stand, is a bad boy; or the fact that he has told stories which are untrue before this relative to this same offense and his connection with it; the fact that he has been in the habit of stealing, and perhaps committing other crimes,

—are things which you are to weigh carefully and consider in giving credit to his testimony. You have to consider the several stories that he has told, and you have a right to think and reason out in your own minds, if you can, what, if any, motive he had in telling these several stories. And in that way you must reason out and satisfy your own minds as to which of these stories is probably true. It is only important in that you must determine as to whether or not the story that he has told upon the witness stand in this trial, and which he now insists is true, is, as a matter of fact, true. If, after you have considered his life and character, the stories he has told, and all the circumstances surrounding his connection with this affair, you honestly and conscientiously believe the story that he has told here of his father's connection with this crime is true, then it is your duty to believe it, and your verdict must be governed by it.   *   *   *

"If you find that Roy Nunn and George Martell, or any other person or persons, went to Mr. Wright's for the purpose of stealing poultry, and that the killing of Mr. Wright was simply to prevent identification or capture and personal injury to themselves, then Mr. Nunn is not guilty.

"The testimony of an accessory in a crime should be received with extreme caution, and every possible motive for falsehood should be taken into consideration as affecting his credibility. If you cannot believe the testimony of Roy Nunn fully and freely,—that is, if you have any reasonable doubt of his story being true,—you have no right to convict the respondent.   *   *   *

"Now, this is an important case,—important to the people and important to the respondent. The people of this county are interested in seeing to it that no man who has been guilty of the offense such as the respondent is here charged with should be allowed at liberty. It is important to the respondent, in that no man who is innocent of the crime should be punished or convicted of that crime. Thus, you can see that you have an important and solemn duty to perform in this case,—the duty of determining the guilt or innocence of the accused. You must approach the consideration of the case with the careful, honest, intelligent consideration such as jurors should give to matters of such importance. Your sympathies should not enter into the consideration of the matter. It is the duty of the court and the duty of the jury, in this

case, to weigh out and administer to this respondent justice, and your verdict should be founded along that line. It should not be guided by sympathy, or should not be guided by revenge. The fact that the deceased, Mr. Wright, was foully murdered, is not any reason this man should be convicted unless he is guilty. All such sentiment you are to leave behind you when you enter the jury-room to consider of your verdict in this case, and, as honest, intelligent citizens of this county, you should, under the instructions I have given you, find your verdict from the evidence."

Counsel for respondent contends that if the shooting was done by Richard Roy Nunn for the purpose of aiding his escape, and not in furtherance of the original design entered into between himself and his father, respondent could not be convicted. The court covered that entire question in his charge.

The newly-discovered evidence consists principally of the affidavit of Richard Roy Nunn, which was read on the motion for new trial. It was made since his confinement in the state prison, and in it he states that his testimony given on the trial of the respondent was false in every particular, so far as it inculpated his father in the commission of the crime, and he also states that George Martell went with him on the evening in question, and that Martell carried the gun and did the shooting. This affidavit was fully considered by the court below, and the motion for new trial was denied. That court had seen the witnesses upon the trial and heard their testimony. He saw and heard the testimony given by Richard Roy Nunn, and the finding of the court in the refusal of the motion has great weight with us in determining the question. That court was in better position to determine the truth or falsity of that affidavit than we are. The affidavit is not supported by any other circumstance than the bald statement of the affiant that his father is not guilty, though on the witness stand, and subject to severe cross-examination, he told the story of his father's complicity in the crime.

It is further contended that the court was in error in not directing the jury that they might render a verdict for a lesser offense than murder in the first degree. There was no error in this. If the respondent was guilty at all, it was of murder in the first degree, and nothing short of that. The jury were left to determine his guilt or innocence, and the court properly instructed them that, if they found him guilty, it must be of murder in the first degree. *People* v. *Repke*, 103 Mich. 459.

We are satisfied that justice has been done in the premises, and that the court below was not in error in refusing the new trial. The conviction must be affirmed.

The other Justices concurred.