PEOPLE v HUBBARD

OPINION OF THE COURT

1. CRIMINAL LAW—GUILT—PROOF—REASONABLE DOUBT.

It is a fundamental principle of our system of justice that an accused's guilt must be proved beyond a reasonable doubt to sustain a conviction.

2. CRIMINAL LAW—GUILT—ACQUITTAL.

The Michigan Supreme Court has recognized that in some situations a defendant should either be found guilty of the crime charged or acquitted.

3. RAPE—LESSER OFFENSE—GUILT—NOT GUILTY.

Defendant must be found guilty or not guilty of the crime charged, statutory rape, and conviction of a lesser offense under all of the circumstances is not permissible where, if the complainant is believed, the defendant was guilty of rape and, if the defendant is believed, he was not present at the scene where the crime was alleged to have occurred (MCLA 750.520).

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 125, 1168.
[2] 21 Am Jur 2d, Criminal Law § 525.
[3] 44 Am Jur, Rape §§ 63, 64
[4] 44 Am Jur, Rape § 49.

4. RAPE—ASSAULT WITH INTENT TO RAPE—WITNESSES—CREDIBILITY
—APPEAL AND ERROR—COURT RULES.

> *Assault with intent to commit rape is necessarily included in every rape and where the trial court believed the testimony of the prosecutrix and could have found defendant guilty of rape, but gave him the benefit of the doubt, created by the inconclusive testimony of a physician who had examined the prosecutrix, by finding assault with intent to rape, the conviction should be affirmed because an appellate court should not overlook the special opportunity of the trial court to determine the credibility of those witnesses who appear before it (GCR 1963, 517.1).*

Appeal from Court of Appeals, Division 2, J. H. Gillis, P. J., and Levin and Bronson, JJ., reversing Jackson, Charles J. Falahee, J. Submitted June 8, 1971. (No. 4 June Term 1971, Docket No. 52,632.) Decided May 4, 1972.

19 Mich App 407 affirmed.

Harvey F. Hubbard was convicted of assault with intent to commit rape. Defendant appealed to the Court of Appeals. Reversed. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, *Paul R. Adams,* Chief Assistant Prosecuting Attorney, and *Ronald E. Machnik,* Assistant Prosecuting Attorney, for the people.

*Willard F. Rappleye,* for defendant.

SWAINSON, J. Defendant Harvey F. Hubbard was charged with the crime of statutory rape[1] of his

[1] MCLA 750.520; MSA 28.788.

daughter Linda, who was 14 years of age at the time
of the alleged incident.  Linda testified at the trial
that on June 15, 1967, after a family outing of swim-
ming near the family home, the defendant took her
to Peacock Road, which is located in a rural area
of Jackson County, and had sexual relations with
her.  Defendant testified that Linda accompanied
him to pick up some ordered clothing at a Mr. Huf-
flein's home.  When Mr. Hufflein was not at his
residence, they returned home by the most direct
route and were never on Peacock Road.  He denied
having committed the assault upon his daughter.

Linda did not report the incident to her mother
until the next day.  Her mother notified the State
Police, but Linda was not taken to a doctor until the
following day (two days after the alleged incident),
and the State Police did not check Peacock Road
until three days later.  The doctor testified he could
find no evidence that Linda had been recently raped,
that is to say, within the previous 24 hours.  He fur-
ther testified that the hymenal membrane had been
broken some time in the past, and he could find no
evidence of injury.

Linda's credibility was called into serious question
at the trial.  When she was ten years of age she had
made a similar charge against her father and at that
time was examined by a physician who testified at
this trial that he found no evidence of injury to the
hymen when he examined her following the earlier
charge.  Linda spoke untruthfully on the witness
stand.  She testified on direct examination that her
father was fully dressed when she accompanied him
on the errand but, upon cross-examination, stated
that he was wearing a bathing suit, as she was.

Also, during the trial Linda was asked whether she
had communicated with her mother, the defendant's
wife, since she had been placed in a foster home

subsequent to the alleged incident. After pausing to reflect, she denied she had had any communication with her mother. Her mother at first also denied any such communication, but then it was brought out that there had been several communications between Linda and her mother.

Faith Hubbard, Linda's sister, testified she had been threatened by Linda to tell the police that Linda had been raped.

Two neighbors of the Hubbards testified that Linda's reputation for truth and veracity in the community was not good.

Linda stated in response to a question that she had been in trouble for fighting at school but not for vandalism, and that she had never been in trouble for stealing. However, her former junior high school principal, Norman Persing, stated that she had a bad reputation for truth and veracity and that she had been involved in vandalism at the school. He further stated that she was involved in a robbery at the school. In response to a question, the principal stated that he was not partial to her father and, in fact, had had several arguments with him over Linda and some of the other children.

The trial judge, sitting without a jury, found defendant not guilty of statutory rape but guilty of assault with intent to commit rape.[2] He sentenced defendant to 7-1/2 to 10 years. The Court of Appeals, in an opinion by Judge LEVIN, reversed.[3] Judge GILLIS dissented. We granted leave to appeal. 383 Mich 789.

The trial judge, because of extremely poor police procedure, found himself in an exceedingly difficult position in determining the facts. The failure of the State Police to immediately take Linda to a doctor

_____
[2] MCLA 750.85; MSA 28.280.
[3] *People v Hubbard,* 19 Mich App 407 (1969).

and to examine Peacock Road for tire tracks, or other evidence, seriously jeopardized the fact-finding process in this case. Any tangible evidence that might have existed was not available, due primarily to the negligence of the police officers.

The people raise four issues on appeal:

*1.* Whether the decision of the Court of Appeals was clearly erroneous so as to cause material injustice to the people of this state, and whether the decision of the Court of Appeals is in conflict with decisions of the Supreme Court or other Court of Appeals' decisions?

*2.* Whether the trial court committed reversible error in not following the mandatory requirement of GCR 1963, 517.1 in regard to findings of fact and conclusions of law?

*3.* Whether the trial court erred by finding that all elements of the crime for which defendant was convicted existed?

*4.* Whether the people met the applicable burden of proof for the conviction of a criminal offense?

The people contend that the Court of Appeals usurped and invaded the powers granted to a trial court sitting without a jury pursuant to GCR 1963, 517.1, to hear and judge the credibility of the witnesses and to decide the case according to its belief of the witnesses and the evidence presented. The people rely on cases such as *People* v *Hallman,* 299 Mich 657, 661 (1941), where the defendant was tried by the court without a jury and was convicted of the crime of statutory rape. Our Court held:

"It is also urged that the verdict was against the great weight of the evidence. In our opinion, there was competent evidence, if believed by the trial court, to find defendant guilty of the offense named beyond a reasonable doubt."

See, also, *People* v *Chesbro,* 300 Mich 720 (1942) and *People* v *Martino,* 308 Mich 381 (1944).

However, the court did not find defendant Hubbard guilty of the crime charged, as the trial courts did in *Hallman, Chesbro* and *Martino.* But, the trial court in the instant case found defendant guilty of a crime not charged—assault with intent to commit rape. Therefore, we have a different factual situation and the cited cases are not on point.

It is a fundamental principle of our system of justice that an accused's guilt must be proved beyond a reasonable doubt to sustain a conviction. In *People* v *Rios,* 386 Mich 172, 179 (1971), our Court stated:

"As our Court pointed out in *People* v. *Gadson* (1957), 348 Mich 307, 310:

" 'A verdict of guilty in a criminal case cannot properly rest on a mere preponderance of the evidence, but should be based on proof that leaves no reasonable doubt of guilt.'

"See, also, *People* v. *Morrow* (1970) 21 Mich App 603, 606."

In this case, the trial court obviously was not convinced beyond a reasonable doubt that defendant was guilty of rape and acquitted him of that charge. There was no evidence introduced to substantiate the offense of assault with intent to commit rape. Our Court has recognized that in some situations a defendant should either be found guilty of the crime charged or acquitted. *People* v *Repke,* 103 Mich 459 (1895) ; *People* v *Nunn,* 120 Mich 530 (1899) ; *People* v *Onesto,* 203 Mich 490 (1918) ; *People* v *Utter,* 217 Mich 74 (1921) ; *People* v *Kolodzieski,* 237 Mich 654 (1927) ; *People* v *Netzel,* 295 Mich 353 (1940).

In the instant case if the complainant is believed, the defendant was guilty of rape; if the defendant is believed, he was not present at the scene where the crime was alleged to have occurred. He must be found guilty or not guilty of the crime charged, and conviction of a lesser offense under all of the circumstances is not permissible.

The decision of the Court of Appeals is affirmed.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.

BLACK, J. (*dissenting*). I agree with the dissenting opinion of Presiding Judge J. H. GILLIS (19 Mich App 407, 414) and therefore vote to reverse.