## PEOPLE v GAY

Docket No. 80883. Submitted May 14, 1985, at Detroit.—Decided January 9, 1986. Leave to appeal denied, 425 Mich 861.

Defendant, William L. Gay, was convicted of conspiracy to deliver cocaine following a bench trial, Recorder's Court of Detroit, Michael J. Talbot, J. Defendant appealed, alleging error in the admission of testimony concerning statements of an alleged coconspirator, in denying a motion for a directed verdict and in binding defendant over for trial. *Held:*

1. The court erred in allowing the testimony concerning the statements of an alleged coconspirator. Evidence of such statements is admissible only after independently proving a conspiracy by a preponderance of evidence.

2. The standard of review for sufficiency of the evidence in a bench trial is whether the trial court clearly erred in its ruling or whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. The prosecutor did not present enough evidence of a conspiracy to deliver cocaine to survive defendant's motion. The court should have granted the motion for a directed verdict.

3. The examining magistrate did not abuse his discretion in binding defendant over for trial.

Reversed.

1. CONSPIRACY — UNLAWFUL AGREEMENT — PROOF.

The gist of the offense of conspiracy lies in the unlawful agreement between two or more persons and direct proof of agreement is not required, nor is it necessary that a formal agreement must be proven; it is sufficient if the circumstances, acts, and conduct of the parties establish an agreement in fact.

REFERENCES

Am Jur 2d, Conspiracy §§ 10-12, 16, 40-48.

Am Jur 2d, Evidence §§ 1170-1178.

See the annotations in the ALR3d/4th Quick Index under Conspiracy; Motions.

2. EVIDENCE — HEARSAY — CONSPIRACY — RULES OF EVIDENCE.

There must be independent proof of conspiracy by a preponderance of the evidence before evidence of statements of a coconspirator are admissible (MRE 801[d][2][E]).

3. MOTIONS AND ORDERS — DIRECTED VERDICT — BENCH TRIALS — APPEAL.

The standard of review for sufficiency of the evidence in a bench trial is whether the trial court clearly erred in its ruling or whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Richard M. Lustig,* for defendant.

Before: KELLY, P.J., and MACKENZIE and N. J. KAUFMAN,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of conspiracy to deliver cocaine, MCL 750.157(a); MSA 28.354(1), and sentenced to probation for life. Defendant appeals as of right. We reverse.

On the morning of July 8, 1983, Henry Scott, an undercover narcotics officer, telephoned Lloyd Woodside and asked to purchase three ounces of cocaine. Scott testified that Woodside "said he would have to get in contact with his source to see —to make sure the cocaine was available and arrangements could be made". Police officers later saw Woodside leave his place of employment, make a stop at an unspecified location, and then travel to a Livonia restaurant.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

At approximately 12:30 p.m., defendant left his apartment complex and drove to the same Livonia restaurant, where he met and talked with Woodside and one or two other individuals. At some point, Woodside left the table and made a telephone call to Officer Scott. Scott testified that Woodside informed him "that all the arrangements were made; he had the coke". Scott suggested they meet later at a bar.

Approximately 20 minutes after calling Scott, Woodside and defendant went to defendant's car in the restaurant parking lot. Defendant removed a white envelope from the passenger side of his car and handed it to Woodside, who put the envelope in the trunk of his car. Both men then returned to the restaurant. Woodside subsequently left the restaurant, drove to a parking lot where he removed a white envelope from his trunk, and then drove to a bar where he met Officer Scott. The two men went to Woodside's car. Scott examined a white envelope containing what was later determined to be 2.94 ounces of cocaine. The record does not indicate when defendant was arrested.

Defendant contends that the trial court erred in allowing over defense objection the testimony of Officer Scott regarding Woodside's statements in arranging the cocaine delivery. Defendant's position is that there was insufficient independent proof of a conspiracy to bring Scott's testimony within MRE 801(d)(2)(E), which provides that a statement is not hearsay if made by coconspirators "during the course of and in furtherance of the conspiracy on independent proof of the conspiracy".

The essence of a conspiracy is an agreement to do that which is unlawful. It must be shown that the respective coconspirators intended to further, promote, or cooperate in the unlawful enterprise.

*People v Atley,* 392 Mich 298, 311; 220 NW2d 465 (1974). The independent proof of the conspiracy required by MRE 801(d)(2)(E) must be proof by a preponderance of the evidence. *People v Vega,* 413 Mich 773, 782; 321 NW2d 675 (1982). Direct proof of the agreement is not required, nor is it necessary that a formal agreement be proven. It is sufficient if the circumstances, acts, and conduct of the parties establish an agreement in fact. Furthermore, conspiracy may be established by circumstantial evidence and may be based on inference. *Atley, supra,* p 311.

In the instant case, the challenged statements were made during the course of and in furtherance of an alleged conspiracy between defendant and Woodside to deliver cocaine to Officer Scott. Therefore, before the statements were admitted under MRE 801(d)(2)(E), it was necessary that there existed proof by a preponderance of the evidence that defendant and Woodside agreed to deliver cocaine to Officer Scott.

The evidence, exclusive of Woodside's statements, leaves little doubt that defendant intended to deliver cocaine to Woodside. We find, however, that in the absence of the hearsay statements there was insufficient evidence to reasonably infer that defendant conspired with Woodside to deliver cocaine to Officer Scott. See *Vega, supra,* p 781. There was no evidence showing that the two men agreed, or that defendant understood, that the cocaine was to be distributed to a third party rather than used by Woodside personally. There was no testimony regarding the substance of the conversation which took place between defendant and Woodside at the restaurant. There was no evidence that defendant knew the nature of Woodside's phone call or dealings with Officer Scott. We are unpersuaded by the people's contention that

Woodside's intent to deliver to a third party may be inferred from the quantity of cocaine he received from defendant, see *e.g., People v Abrego,* 72 Mich App 176; 249 NW2d 345 (1976), so that defendant implicitly agreed to Woodside's further distribution of the cocaine. It has been observed that three ounces of cocaine could be purchased for personal use, *United States v Meyers,* 646 F2d 1142 (CA 6, 1981). Moreover, in this case, unlike in *Abrego, supra,* the cocaine was packaged in a single packet, suggesting personal use rather than further delivery.

Defendant next contends that the trial court erred in denying his motion for a directed verdict. The standard of review for sufficiency of the evidence in a bench trial is (1) whether the trial court clearly erred in its ruling, see *People v Hubbard,* 19 Mich App 407, 413; 172 NW2d 831 (1969), *aff'd* 387 Mich 294; 196 NW2d 768 (1972), or (2) viewing the evidence in a light most favorable to the prosecution, whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt, *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *cert den* 449 US 885 (1980). Applying either standard, *People v Triplett,* 105 Mich App 182, 190-191; 306 NW2d 442 (1981), we find that the prosecutor did not present sufficient evidence of a conspiracy to deliver cocaine to survive a motion for a directed verdict.

In order to survive a motion for a directed verdict, the trial court had to find facts tending to establish beyond a reasonable doubt that defendant combined with another to commit an illegal act or to commit a legal act in an illegal manner. See *Atley, supra.* Further, the prosecution must have shown that defendant had clear and unequivocal knowledge of the prohibited act or conduct.

*Id.,* p 310. In the instant case, absent Woodside's hearsay statements, all that could reasonably be inferred is that defendant delivered cocaine to Woodside. Because that was not the theory upon which the prosecutor proceeded or what the trial judge was asked to find in adjudging defendant guilty of conspiracy to deliver cocaine, the court erred in failing to grant defendant's motion for a directed verdict. See *Vega, supra,* pp 782-783.

Finally, defendant contends that the examining magistrate abused his discretion in binding defendant over for trial. We disagree. Our review of the preliminary examination transcript shows that, although the examining magistrate apparently considered evidence not properly before him, there was sufficient circumstantial evidence to find probable cause to believe that defendant conspired with Woodside to deliver cocaine. See *People v Doss,* 406 Mich 90, 100-101, 103; 276 NW2d 9 (1979).

Reversed.