## PEOPLE v BROWN

Docket No. 77-4912. Submitted October 5, 1978, at Grand Rapids.—
Decided December 8, 1978.

Defendant Johnny Ray Brown was charged with assault with
intent to do great bodily harm less than murder and was
convicted after a nonjury trial in the Kent Circuit Court,
Stewart Hoffius, J., of aggravated assault, a misdemeanor car-
rying a maximum incarceration period of one year. Prior to the
trial the judge informed defendant and his counsel that he
would be free to consider lesser-included misdemeanors which
would be precluded from consideration in the event defendant
chose a jury trial. Defendant appeals. *Held:*

The trial judge committed no error since there was adequate
evidence to support the conviction and since the record indi-
cates that defendant chose a nonjury trial in part so that the
court would be free to consider lesser-included misdemeanors.

Affirmed.

CRIMINAL LAW—NONJURY TRIALS—LESSER INCLUDED OFFENSES—AS-
SAULT—AGGRAVATED ASSAULT—APPEAL AND ERROR.

It was not error for a trial court sitting without a jury to find a
defendant charged with assault with intent to do great bodily
harm less than murder guilty of aggravated assault where the
record indicates that the defendant and his counsel wholly or
in part chose a nonjury trial because the court informed them
that, while a jury could not consider aggravated assault, the
court itself could and where the record contains evidence
adequately supporting the conviction.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Donald A. Johnston,*
Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury §§ 76, 77.

Before: D. F. WALSH, P.J., and T. M. BURNS and C. J. BYRNS,* JJ.

C. J. BYRNS, J. By information filed on April 14, 1977, defendant was charged with assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, after he struck another man in the head with a pan of hot water, causing serious injuries to the victim. The maximum term of imprisonment for conviction of the charged offense is ten years. Defendant was convicted of aggravated assault, MCL 750.81a; MSA 28.276(1), after a nonjury trial on June 27, 1977, and was sentenced to a term of one year in the county jail, the maximum incarceration period permitted by the statute under which he was convicted. Defendant now appeals as of right, contending that the rule enunciated in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473, 483 (1975), forbidding a trial judge from instructing a jury on lesser included offenses having a maximum allowable incarceration period of one year or less, where the charged offense is punishable by incarceration for more than two years, is applicable to nonjury as well as jury trials.

Prior to defendant's waiver of his right to trial by jury, and in his presence, the trial judge stated on the record his belief that the *Chamblis* rule did not apply to nonjury trials. After the judge expressed his intention to consider lesser offenses (including aggravated assault, assault and battery and simple assault) which would have been precluded from jury consideration under *Chamblis,* the following colloquy ensued:

"*The Court:* Now, you have no objection to that?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"*Mr. Wallin [assistant prosecutor]:* I have no objection.

"*The Court:* All right.

"*Mr. Pierce [defense counsel]:* Your Honor, we will waive the jury.

"*The Court:* All right. Do you want to have your defendant step up?

* * *

"*The Court:* All right. You have been talking to your attorney about this matter and you understand you have a right to be tried by a jury?

"*The Defendant:* Right.

"*The Court:* And we cannot take that right away from you, but you can give up that right if you want to. So do you understand that you have that right and privilege?

"*The Defendant:* Yes, I understand.

"*The Court:* Okay. But notwithstanding that, you would rather be tried without a jury?

"*The Defendant:* Right.

"*The Court:* All right. You have discussed it with him, Mr. Pierce?

"*Mr. Pierce:* Yes, sir.

"*The Court:* You feel he understands all his rights in the matter?

"*Mr. Pierce:* Yes, your Honor, based on the statement we placed on the record that the lesser included offenses would be considered by the judge and would not be considered by the jury.

"*The Court:* With that in mind, he is ready to waive the jury?

"*Mr. Pierce:* Yes, your Honor."

Defendant thereupon signed a form waiving his right to jury trial, was convicted by the court of aggravated assault, and now maintains that his conviction was invalidly obtained in violation of *Chamblis*.

The *Chamblis* Court stated its rule as follows:

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less." *People v Chamblis, supra* at 429; 236 NW2d at 483.

Defendant's contention that the *Chamblis* rule governs bench trials is a novel one which apparently has not been previously addressed by this Court. It is therefore necessary to examine the *Chamblis* opinion with care to determine whether the rule there set forth is applicable to nonjury as well as jury trials.

A careful perusal of the *Chamblis* rule reveals that its language is specifically addressed to situations involving *jury* trials. The rule speaks solely of a limitation imposed upon a trial judge in *instructing a jury.* No facially demonstrable requirement appears from the statement of the rule itself which would mandate its application to bench as well as jury trials. Consequently, the various factors considered by the *Chamblis* Court must be analyzed to determine whether they dictate extension of the rule to the present case.

A comparison of the charged offense (assault with intent to commit great bodily harm less than murder) with the offense of which defendant was convicted (aggravated assault) "demonstrates the overlapping of certain elements and common statutory purpose" such that the two crimes may accurately be described as cognate. *People v Ora Jones,* 395 Mich 379, 389-390; 236 NW2d 461, 465 (1975). In the case at bar, the lesser offense is of the same class or category, or is closely related to

the original offense, so as to provide defendant with fair notice that he would be required to defend against it.

Furthermore, defense counsel specifically stated on the record his agreement to have the trial court consider lesser included offenses not considerable by a jury. It would appear from this record that defendant and his counsel wholly or in good part chose a nonjury trial because the court said that while a jury could not consider misdemeanor offenses, including aggravated assault, the court itself could. There can therefore be no question but that defendant's due-process right to know the nature and cause of the accusation against him was amply met. *People v Ora Jones, supra* at 388; 236 NW2d at 464, *People v Chamblis, supra* at 417-419; 236 NW2d at 477-478.

The *Chamblis* Court's purpose for establishing the rule of that case was to limit "the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense". *People v Chamblis, supra* at 429; 236 NW2d at 483. The Court, quoting from Comment, 57 NW U L Rev 62, 73 (1962), cited "the policy against harassment and a continual seige of accusations and charges" and concluded that a defendant charged with a serious crime should not be convicted of a much lower offense which bears no realistic relationship to the offense committed. *People v Chamblis, supra* at 428; 236 NW2d at 483.

The *Chamblis* rule, it appears to us, resulted in part from the Supreme Court's concern that where there is a multiplicity of lesser included offenses a jury might become confused and possibly compromise at a defendant's expense. This should not occur where the trier of fact is a judge learned and experienced in the law.

Although not stated in *Chamblis,* the rule there expressed prevents a jury not convinced beyond a reasonable doubt from deciding that a defendant deserves some punishment and accordingly finding him guilty of an included misdemeanor.

The evidence in the present case adequately supports the trial judge's finding that defendant assaulted his victim but lacked the intent requisite for a valid conviction of assault with intent to commit great bodily harm less than murder. Defendant's conviction of aggravated assault upon an original charge of assault with intent to commit great bodily harm less than murder is obviously substantively distinguishable from the *Chamblis* prohibition against "convicting of assault and battery a defendant charged with murder". *People v Chamblis, supra* at 428; 236 NW2d at 483. Under the facts and circumstances of this case, there is no question but that assault with intent to commit great bodily harm less than murder and aggravated assault are sufficiently related to avoid any contention that the lesser offense bears no realistic relationship to the greater offense or that defendant's conviction of the lesser offense constituted a form of "harassment". There was no error.

Affirmed.