PEOPLE v KELLEY

Docket No. 55510. Submitted March 4, 1982, at Grand Rapids.—
    Decided May 5, 1982.

    Defendant, Daniel L. Kelley, was charged with and tried for
    assault with intent to do great bodily harm less than murder in
    the Kent Circuit Court. After all proofs were presented, the
    trial judge told the jury that as a matter of law there was
    insufficient evidence to support a conviction of assault with
    intent to do great bodily harm less than murder. The judge
    instructed the jury on the elements of aggravated assault.
    Defendant was convicted of aggravated assault, George R. Cook,
    J., and appealed. *Held:*

        The trial court did not err in its instructions.

        Affirmed.

ASSAULT AND BATTERY — ASSAULT WITH INTENT TO DO GREAT BODILY
    HARM LESS THAN MURDER — AGGRAVATED ASSAULT — JURY
    INSTRUCTIONS.

    It is not error for a trial court in a jury trial for assault with
    intent to do great bodily harm less than murder to instruct the
    jury that the proofs were legally insufficient to support convic-
    tion of assault with intent to do great bodily harm less than
    murder and to instruct the jury on the elements of aggravated
    assault.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prose-cuting Attorney, and *Carol S. Irons,* Chief Appel-late Attorney, for the people.

*Miller, Johnson, Snell & Cummiskey* (by *Mela-nie S. DeStigter),* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Assault and Battery §§ 50, 51.

Before: D. F. WALSH, P.J., and CYNAR and W. F. HOOD,* JJ.

PER CURIAM. Defendant Daniel L. Kelley appeals of right his jury conviction of the offense of aggravated assault, MCL 750.81a; MSA 28.276(1).

Defendant was charged with, and tried for, assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, which bears a maximum penalty of ten years imprisonment. After all proofs were presented, the trial judge told the jury that as a matter of law there was insufficient evidence to support a conviction of assault with intent to do great bodily harm less than murder. The judge instructed the jury on the elements of aggravated assault, which carries a maximum penalty of one year imprisonment. Defendant objected to the instruction on aggravated assault, claiming such instruction violated the rule set forth in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), which rule reads as follows:

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

The policy considerations behind *Chamblis* include the desire: to limit the jury's ability to compromise on a verdict; to prevent defendant from suffering harassment from a never-ending series of lesser included charges; and to prevent defendant's conviction upon an offense which bears

---

* Circuit judge, sitting on the Court of Appeals by assignment.

no reasonable relationship to the offense originally charged. Such policy considerations are not present in this case. Here the jury was instructed only on the charge of aggravated assault and thus could not render a compromise verdict; defendant did not suffer harassment from a never-ending series of lesser included charges; and there is a reasonable relationship between the charges of aggravated assault and assault with intent to do great bodily harm less than murder. See *People v Brown*, 87 Mich App 612; 274 NW2d 854 (1978).

The *Chamblis* rule is not favored when the policy considerations behind the rule are absent. *People v Brown, supra.*

The defendant also objected to the aggravated assault instruction contending he did not receive fair notice he would be required to defend against that charge. This contention is also disposed of adversely to defendant by *Brown.*

Affirmed.