*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 21, 2020

Plaintiff-Appellee,

v

No. 346870
Kalamazoo Circuit Court
LC No. 2018-001300-FH

PATRICK JAMES MAYNARD,

Defendant-Appellant.

Before: TUKEL, P.J., and MARKEY and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant, Patrick James Maynard, of first-degree home invasion, MCL 750.110a(2), and assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to serve concurrent sentences of 78 months to 20 years for first-degree home invasion, and 2 to 20 years for assault with intent to do great bodily harm less than murder. Defendant appeals as of right, challenging his conviction. We affirm.

## I. FACTS

On July 29, 2018, defendant walked to the home of David Jones, Jr. in order to avenge a rape allegation made by Dennis Scott in 2014.[1] Until this date, defendant and Jones had never met or communicated with one another. Scott accompanied defendant, and even showed him where Jones lived. Upon arrival, defendant approached Jones's home, which was a trailer with an enclosed porch. Defendant testified to not remembering knocking on the door to the enclosed porch; however, an eyewitness testified that defendant knocked on the door, and after receiving no response, opened the door to the enclosed porch and approached the main entrance to Jones's

---

[1] During trial, defendant stipulated that in 2014 the Portage Police Department investigated a sexual assault allegation involving Jones and Scott. After a full investigation, no charges were brought because the incident was deemed "consensual behavior between two consenting adults."

trailer. The record further indicates that Jones did not give defendant permission to enter the enclosed porch.

Defendant then handed his glasses to Scott and proceeded to knock on the door to Jones's trailer. Defendant testified that after Jones opened the door, Scott identified Jones "as the guy that raped [sic] him." Defendant then beat Jones for about five minutes with his fists and, after Jones fell to the floor, by kicking him, all while inside Jones's enclosed porch.[2] Davianna Finney, Jones's sister, found him laying face down on the porch with his feet inside the main door.

A jury convicted defendant of first-degree home invasion, and assault with intent to do great bodily harm less than murder. Defendant now appeals to this Court.

## II. ANALYSIS

Defendant contends that trial counsel provided ineffective assistance of counsel for failing to request lesser included offenses in the jury instructions. We disagree.

The United States and Michigan Constitutions guarantee that in all criminal prosecutions the accused shall enjoy the right to effective assistance of counsel. *People v Kammeraad*, 307 Mich App 98, 122; 858 NW2d 490 (2014). A claim based on ineffective assistance of counsel presents a mixed question of fact and constitutional law. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). This Court reviews questions of fact for clear error, and constitutional law questions de novo. *Id*. If a criminal defendant fails to ask the trial court for a new trial or an evidentiary hearing based on an ineffective assistance of counsel claim, the law limits our review to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

To prove that trial counsel was ineffective, a defendant must show that "(1) the lawyer's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for the lawyer's deficient performance, the result of the proceedings would have been different." *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id*., quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). This Court presumes effective assistance of counsel; a criminal defendant bears a heavy burden of proving otherwise. *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016).

In relation to trial strategy, defense counsel must be afforded wide discretion because of the necessity to take calculated risks to win a case. *People v Pickens*, 446 Mich 298, 325; 521 NW2d 797 (1994). "The decision to proceed with an all or nothing defense is a legitimate trial

---

[2] Defendant also stipulated that "as a result of the physical attack or physical assault on David Jones, the victim was transported by ambulance to Bronson Hospital for emergency trauma treatment." Jones "required emergency medical treatment, including full resuscitation and the surgical placement of a chest-tube on his left side." In addition, Jones sustained "multiple acute fractures of his ribs on the left side," "[a] collapsed lung," lip and head lacerations, "[f]acial swelling and contusions," a brain contusion and laceration, and a concussion.

strategy." *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982). However, "a court cannot insulate the review of counsel's performance by calling it trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). The Michigan Supreme Court has recognized that "[t]he Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *People v Mitchell*, 454 Mich 145, 164; 560 NW2d 600 (1997) (quotation marks and citation omitted).

In this case, defendant asked for neither a new trial nor an evidentiary hearing based on his ineffective assistance of counsel claim. Thus, our review is limited to mistakes apparent from the record. Substantively, defendant first asserts that trial counsel was ineffective by failing to request or recognize an instruction on the lesser included offenses for first-degree home invasion. MCL 750.110a(2) provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> \* \* \*
>
> (b) Another person is lawfully present in the dwelling.

Michigan law defines second-degree home invasion under MCL 750.110a(3):

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

Under MCL 750.110a(4), a person is guilty of third-degree home invasion if the person commits either of the following:

> (a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor.

(b)     Breaks and enters a dwelling or enters a dwelling without permission and, at any time while the person is entering, present in, or exiting the dwelling, violates any of the following ordered to protect a named person or persons:

(*i*)  A probation term or condition.

(*ii*)  A parole term or condition.

(*iii*)  A personal protection order term or condition.

(*iv*)  A bond or bail condition or any condition of pretrial release.

The differentiating element between first-degree home invasion and the lower degree offenses under MCL 750.110a is the lawful presence of another person in the dwelling.

Defendant argues against the effectiveness of his trial counsel's performance during trial and knowledge of the law without directly addressing MCL 750.110a. The record portrays a transparent picture of defendant's assault of Jones. Testimonial evidence demonstrates that Jones answered the main door of his residence just before the assault. Defendant admitted the same on direct examination, stating that Scott showed him where Jones lived, defendant knocked on the inner trailer door, and that Jones answered. Thus, an objective person would determine that Jones was lawfully present in his residence at the moment defendant assaulted him. Thus, there would be no sound basis to request a jury instruction for second- or third-degree home invasion, and defendant's counsel was not ineffective for failing to "recognize" that one could be requested.

Moreover, trial counsel argued that the prosecution failed to prove that defendant entered Jones's home without permission, focusing on defendant's inability to remember if he knocked on the porch door, and the habit of one Jones relative of not knocking on the same door. On appeal, defendant fails to show specifically how this strategy falls below an objective standard of reasonableness. Furthermore, defendant generally concludes that he was prejudiced by trial counsel's performance, but does not meet this Court's heavy burden to demonstrate how he was prejudiced. Based on our review of the record, trial counsel could have reasonably believed that the best chance for an acquittal on the first-degree home invasion charge was to accept the lawful presence of Jones in his home, and instead challenge the element requiring the prosecution to prove that he did not have permission to enter Jones's home. Such a trial strategy is not objectively unreasonable.

Second, defendant argues that trial counsel was ineffective by failing to request or recognize an instruction on a lesser included offense, such as aggravated assault, for assault with intent to do great bodily harm less than murder.[3] MCL 750.84(1)(a) provides that a person is guilty of the felony of assault with intent to do great bodily harm if he "[a]ssaults another person with intent to do great bodily harm, less than the crime of murder." Michigan law defines aggravated

---

[3] Defendant's brief only mentions aggravated assault as a potential lesser included offense for his conviction of assault with intent to do great bodily harm less than murder.

assault as "a person who assaults an individual without a weapon and inflicts serious or aggravated injury upon that individual without intending to commit murder or to inflict great bodily harm less than murder." MCL 750.81a(1). In distinguishing these two crimes, aggravated assault requires the infliction of a "serious or aggravated injury," an element not mandated for prosecution of assault with the intent to do great bodily harm less than murder. See generally *People v Brown*, 87 Mich App 612, 615; 274 NW2d 854 (1978). Accordingly, this Court has previously deemed aggravated assault as a cognate lesser offense of assault with the intent to do great bodily harm less than murder. *Id*.

Relatedly, our Supreme Court has held that a jury instruction on a cognate lesser offense is not permitted. *People v Cornell*, 466 Mich 335, 357-358; 646 NW2d 127 (2002); see MCL 768.32(1); see also *People v Mendoza*, 468 Mich 527, 532-533; 664 NW2d 685 (2003). Specifically, "because the plain language of the statute only permits consideration of inferior offenses, the *Cornell* Court concluded that instructions on 'cognate' lesser offenses, which contain one element or some elements not found in the greater offense, are no longer permitted under MCL 768.32(1)." *People v Brown*, 267 Mich App 141, 146; 703 NW2d 230 (2005) (citation omitted).

Consequently, trial counsel may not be faulted for foregoing a request for a jury instruction on aggravated assault, a cognate lesser offense in defendant's case. An objective evaluation of the record shows that requesting the instruction would have proven futile. See also *Mitchell*, 454 Mich at 164. Thus, defendant's ineffective assistance of counsel claim is without merit.

Affirmed.


/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Michael F. Gadola

-5-